5:25-CV-351-BO

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA



FILED
JUN 20 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

**ERICA ELIZABETH FLENNER**, Plaintiff,

V.

**WAKE COUNTY PUBLIC SCHOOL SYSTEM** and **The NORTH CAROLINA DEPARTMENT OF INSTRUCTION**, Defendants.

Civil Action No.:433-2024-02077

**COMPLAINT**

## I. JURISDICTION AND VENUE

1. Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under federal law, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), and 42 U.S.C. § 1983.
2. Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this claim occurred within the Eastern District of North Carolina, and Defendants operate and conduct business within this judicial district.

## II. PARTIES

1. Plaintiff, Erica Elizabeth Flenner, is an adult citizen and resident of Raleigh, North Carolina. At all relevant times, Plaintiff was employed by Wake County Public School System (WCPSS).
2. Defendant, Wake County Public School System, is a publicly funded education agency responsible for operating public schools throughout Wake County.
3. Defendant, **North Carolina Department of Instruction,** is responsible for statewide oversight of **public schools and compliance with federal laws** such as the **ADA and Title VII.**

## III. ADMINISTRATIVE EXHAUSTION

1. Plaintiff *timely filed a Charge of Discrimination with the Equal Employment Opportunity*

1

*Commission (EEOC), alleging discrimination, retaliation, and failure to accommodate under Title VII and the ADA.*

2. The *EEOC* issued a *Notice of Right to Sue on March 28, 2025*. **Plaintiff files this Complaint within 90 days of receiving that notice.**

## IV. Factual Allegations

1. Plaintiff was employed by Defendant as an **Instructional Assistant** from **August 2019 to March 25, 2024**, supporting students in both general and special education classrooms at **Stough Elementary School.**
2. Throughout her employment, Plaintiff demonstrated professionalism, responsiveness, and a strong commitment to equitable student support. She collaborated with certified staff to implement inclusive instructional practices and support students with IEPs.
3. Beginning in **October 2022**, Plaintiff began raising documented concerns regarding serious procedural irregularities, including, discriminatory disciplinary practices, and **specific instances of child abuse**. These concerns were reported through established channels, including leadership and Human Resources. These reports constitute protected activity under federal and state law. Specifically:
4. **October 10, 2022**: Plaintiff submitted a written concern to leadership regarding observation of concerning physical and verbal interactions between staff and students that constituted **child abuse and neglect, specifically involving excessive physical abuse, verbal degradation, etc.**
5. **October 10, 2022**: Plaintiff provided a follow-up note detailing disparities in referrals involving students further specific instances of **child abuse/neglect of students, including excessive physical abuse, verbal degradation, etc.**
6. Following these disclosures and consistent with a pattern of retaliation, Plaintiff faced escalating adverse actions:
   - **June 13, 2023**: Plaintiff received an unwarranted negative performance evaluation, which appeared to be a direct response to her protected disclosures.
   
     o **March , 2023**: Plaintiff was reassigned to isolated administrative tasks without explanation to child abuse, effectively removing her from direct student support roles, **Extended Content Standards (ECS) Intensive Classroom to an Extended Content Standards, 1; Jenn Hale Lead Teacher on 3/2023**

2

7. **November 25, 2023**: Plaintiff was excluded from meetings and key planning sessions, further marginalizing her and hindering her ability to perform her job. Daily assignment changes, duties. Those duties consisted of restocking library shelves and lunch duty.

1. **October 31, 2023**: Plaintiff was placed on administrative leave without clear justification or WCPSS proper procedural for calling Law Enforcement, That Plaintiff called law enforcement after witnessing Defendant Angela Bowman's adult classroom unsafe.
2. Angela Bowman verbally and physically assaulted students. This action was taken in direct retaliation for her reports of child abuse and other misconduct.
3. When Plaintiff reported instances of former school employee Angela Bowman's assault on a student, October 31, 2023, Defendants did not discipline Angela Bowman. Angela Bowman continued to teach while Plaintiffs was placed on an Internal Investigation by **Wake County Public School System Senior Administrator, Kendra Hill on November 2, 2023.** On November 25, Angela Bowman assaulted a second child. Angela was placed on administrative leave, and Wake County investigation began. Plaintiff's administrative leave was lifted 12/1/2023. On 12/1/2023 Plaintiffs new assignment changed from a **General Education Classroom, One-On-One,** to an **Extended Content Standards Instructional Assistant for Jenn Hale's Extended Content Standards 1 (ECS) Classroom.**

3

RESPONSE:

4. **Throughout 8/21/2023-10/31/2023**: Plaintiff repeatedly observed and reported alleged instances of racism involving a specific staff member, **Angela Bowman**. These reports were also met with inaction and contributed to the retaliatory environment after receiving "Change of Assignment" on 10/16/2023 by Human Relations, Jennifer Pendergraft after reporting racism, retaliation, discrimination and unfair employee treatment on October 12, 2023 to administrators.
5. In addition to the retaliation for protected activities, Plaintiff also experienced discrimination and retaliation related to her own disabilities.
6. During the course of her employment, Plaintiff was diagnosed with Post-Traumatic Stress Disorder (PTSD), Severe Depression, Anxiety, and Suicidal Ideation.
7. Plaintiff disclosed her PTSD to Defendants, specifically to **Sally Pitofsky/Department, Human Resources and Jodi Lay, Principal.** Audio and email submitted to Wake County Public School System within the first set of Defendants first set of Discoveries 6/2024, Workers Compensation Claim.
8. Plaintiff requested reasonable accommodations 6/8/2023 to assist with her work environment.
9. Defendant **denied these requested accommodations on 8/3/2023, cancelled by Jodi Lay on 8/8/2023.** Defendant failed to engage in an interactive process, despite their reasonableness from **Plaintiffs provider.**
10. Furthermore, Defendant engaged in inappropriate medical questioning regarding Plaintiff's disability and subsequently **Jodi Lay, Principal cancelled modifications previously in place on 7/20/2023** further exacerbating her condition and creating a more difficult work environment.
11. In an email 8/3/2023 email, plaintiff forwarded the email on **12/13/2023 to Robert Taylor, WCPSS Superintendent; Sally Pitofsky, Human Relation Representative** explicitly stated, "Was the ADA a waste of my time," demonstrating a clear discriminatory animus towards Plaintiff's disability and the legal obligations under the ADA. This specific response was removed from the email thread within WCPSS Employment record and EEOC Exhibits.
12. The persistent alleged child abuse within the school, the Defendant's reported lack of institutional response, the alleged cover-ups, and the subsequent escalating retaliatory actions against Plaintiff (including unwarranted evaluations, reassignments, exclusion, administrative leave, denial of accommodations and FMLA leave created an environment that was objectively and subjectively hostile, intimidating, and offensive, making Plaintiff's continued employment untenable.

4

13. Defendant, through its agents, was repeatedly informed of ongoing child abuse by specific individuals. Despite these warnings, Defendant negligently allowed these individuals to continue their duties while child abuse persisted, and failed to adequately investigate or intervene, thereby breaching its duty to protect children and provide a safe environment for its employees.
14. Plaintiff compiled a detailed timeline, including emails, notes, and internal documentation, and submitted this evidence to both Human Resources and the District Compliance Office. No formal investigation into her serious allegations was initiated.
15. Plaintiff further states that Defendants engaged in spoliation of evidence and obstruction of justice. During her employment. Employment records, EEOC exhibits pertaining to Plaintiff's **Workers Compensation claim filed 5/31/2023.** Plaintiff discovered that **email threads and employment documents relevant to her complaints and Defendant's actions were altered, manipulated, or went missing.** These actions demonstrate a deliberate attempt by Defendant to conceal evidence and impede the investigation into its misconduct.
16. Despite multiple follow-ups between **February and April 2023**, Defendant failed to take corrective action. Plaintiffs mental illnesses became unbearable, professional reputation was significantly damaged due to the unwarranted negative performance evaluations and administrative leave. These coercive conditions, directly resulting from Defendant's unlawful conduct, left Plaintiff with no reasonable alternative to be terminated on **March 25, 2024**. This constitutes a constructive discharge.
17. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered severe emotional distress, severe mental health illness, reputational damage, significant disruption to her career trajectory, and economic losses including lost wages and benefits.

1. **October 10, 2022 & November 2, 2022**: A follow-up note detailing disparities in referrals involving child abuse.
2. **October 12, 2023**: A written concern submitted to leadership regarding unmet IEP obligations, Racism from Angela Bowman towards black children. Severe retaliation. Following these disclosures, Plaintiff was placed on administrative leave 11/2/2023 for violating WCPSS policy before calling law enforcement, you must reach out to an administrator. On 11/18/2023 Defendants Charged the plaintiff with bullying and harassment of Jodi Lay, Stough Principal. and Angela Bowman, 1st grade Stough, Elementary. Ultimately WCPSS dropped all charges against Plaintiff. While Plaintiff was on administrative leave for reaching out to Law Enforcement, Angela Bowman assaulted a second child on November 25, 2023. After WCPSS's internal investigation the Plantiff was found of no wrongdoing but was still punished. Upon Plaintiff's return, Defendant reassigned her to work in **Jenn Hale's Classroom Extended Content Standards (ECS) 1**. An individual previously involved in hostile workplace behavior toward Plaintiff. This reassignment directly contradicted medical guidance from Plaintiff's treating physician following a formal ADA accommodation request submitted in **June 2023**.
3. Subsequent retaliatory actions included:
4. **June 13, 2023**: An unwarranted negative performance evaluation.
5. **March 1, 2023**: Reassignment to isolated administrative tasks without explanations letting the teacher Brett Reif remain inside the classroom abusing children and John McCullough "quietly" resigned on 2/24/23. Parents of the children, Wake County Public School never notified thosw Parents they're children were physically and verbally abused during the 2022-2023 school year by Brett Reif and John McCullough. And for Erica Flenner, Plaintiff was changed to a different classroom **4/2023, Jenn Hale, Extended Content Standards (ECS 1) classroom teacher.**
6. **August 2022-April 2023**: Exclusion from collaborative team planning sessions. Daily assignment changes made by Brett Reif, Mindy Reif. Assignment never made aware of Plaintiffs administration. The daily assignment changes made frequently.
7. Following these protected reports, Plaintiff experienced adverse employment actions including isolation, altered duties, exclusion, and reassignment.
8. On April 27, 2023, Plaintiff reported a workplace injury and subsequently submitted ADA accommodation requests supported by documentation from licensed health providers.
9. Plaintiff submitted physician-authored accommodations on June 8, 2023, recommending Plaintiff stars away from specific individuals triggering PTSD and depression arrangement, specifically naming Jenn Hale.

10. Despite these **recommendations, WCPSS reassigned Plaintiff near a known workplace aggressor, contrary to her provider's restrictions, 12/1/2023.**
11. Instead of honoring her **ADA request,** WCPSS issued intrusive inquiries demanding underlying medical diagnoses and offered unrelated interventions like mediation, violating ADA boundaries.
12. These failures exacerbated Plaintiff's medical conditions and ultimately led to her constructive discharge on March 25, 2024.
13. Plaintiff's accommodation forms from **PA Yuval, Avance Care** clearly documented her diagnoses and recommended adjustments, such as avoidance of specific staff and alternative work arrangements. **Defendant responded with invasive and improper questions regarding Plaintiff's diagnosis and symptom triggers, rather than honoring the requests.**
14. **Despite receiving repeated clinical documentation, Defendant failed to engage in the legally required interactive process and instead escalated its adverse actions.**
15. Plaintiff ultimately was terminated under coercive conditions on **March 25, 2024**, due to the intolerable environment, lack of support and mental health severities.
16. As a result of Defendant's conduct, Plaintiff suffered emotional distress, disabilities.

## V. Legal Claims

1. **Count I: Retaliation in Violation of Title VII of the Civil Rights Act of 1964** Plaintiff re-alleges paragraphs 1 through 19. Defendant unlawfully retaliated against Plaintiff for engaging in protected activity under Title VII, including but not limited to, reporting child abuse and discriminatory practices and instances of racism involving staff and children. This retaliation included negative performance evaluations, reassignment to isolated tasks, exclusion from instructional responsibilities, and placing Plaintiff on unwarranted administrative leave. Defendant's actions were intentional, materially adverse, and were causally connected to Plaintiff's protected activity, constituting a violation of Title VII. Defendant retaliated with materially adverse actions, including exclusion, obstruction, and constructive discharge. These actions meet the legal standard for retaliation under Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).
2. **Count I: Retaliation in Violation of Title VII.** Plaintiff re-alleges paragraphs 1–16. Plaintiff engaged in protected activity by reporting civil rights violations and opposing discriminatory practices. Defendant retaliated with materially adverse actions, including exclusion, obstruction,
3. **Count II: Retaliation in Violation of the ADA.** Plaintiff re-alleges all preceding paragraphs. Plaintiff requested accommodations and reported disability-related misconduct. Defendant

7

retaliated through escalating hostility, obstruction of leave, and adverse employment action. 42 U.S.C. § 12203(a); *DeMasters v. Carilion Clinic*, 796 F.3d 409 (4th Cir. 2015).

4. **Count II: Retaliation in Violation of the Americans with Disabilities Act (ADA)** Plaintiff re-alleges paragraphs 1 through 23. Plaintiff engaged in protected activity under the ADA by advocating for the legal rights of students with disabilities, specifically by reporting failures to implement IEP accommodations and instances of child abuse impacting students with disabilities. Defendant retaliated against Plaintiff for this protected activity by isolating her, placing her on administrative leave, and ultimately constructively discharging her. This conduct violated Plaintiff's rights under the ADA.

5. **Count III: Discrimination and Retaliation based on Disability in Violation of the Americans with Disabilities Act (ADA)** Plaintiff re-alleges paragraphs 1 through 4. Plaintiff is an individual with disabilities- PTSD, Severe depression, severe anxiety and Suicidal Ideation within the meaning of the ADA.and Suicidal Ideation. Plaintiff and her medical team requested reasonable accommodations for her disabilities, which Defendant unlawfully denied or failed to engage in interactive process regarding. Defendant subjected Plaintiff to inappropriate medical questioning and cancelled previously established modifications, demonstrating discriminatory animus, as evidenced by statements like "WAS The ADA Modifications a waste of my time?" Defendant's adverse employment actions against Plaintiff were motivated, in whole or in part, by Plaintiff's disability and/or her request for accommodations, constituting discrimination and retaliation in violation of the ADA.

6. **Count IV: Violation of Whistleblower Protection Laws (North Carolina and/or Federal).** Plaintiff re-alleges paragraphs 1 through 4. Plaintiff engaged in protected whistleblower activity by reporting instances of alleged child abuse and other significant misconduct within the Defendant school system through established channels. Defendant subjected Plaintiff to adverse employment actions, including negative performance evaluations, reassignments, administrative leave, and constructive discharge, in direct retaliation for her whistleblower activities. Defendant's actions constitute a violation of applicable state and/or federal whistleblower protection laws.

7. **Count V: Hostile Work Environment** Plaintiff re-alleges paragraphs 1 through 36. The pervasive and severe nature of the alleged child abuse, Defendant's failure to respond to reports, the alleged cover-ups, and the escalating retaliatory actions against Plaintiff, collectively created an objectively and subjectively hostile, intimidating, and abusive work environment. This hostile work environment was based on Plaintiff's protected activities (reporting misconduct, advocating for students with disabilities, reporting racism) and her disability, thereby altering the terms and

8

conditions of her employment. Defendant knew of the hostile work environment and failed to take prompt and effective remedial action.

1. **Count VI: Negligence in Supervision/Failure to Protect (North Carolina Law)**. Plaintiff re-alleges paragraphs 1 through 40. Defendant owed a duty of care to protect the students under its supervision and to provide a safe work environment for its employees, including Plaintiff. Defendant breached this duty by failing to adequately investigate and intervene in response to Plaintiff's repeated reports of alleged child abuse by specific individuals, and by allowing these individuals to continue their duties. As a direct and proximate result of Defendant's negligence, Plaintiff suffered emotional distress, a hostile work environment, and other damages.
2. **Count VII: Intentional Infliction of Emotional Distress (IIED)**. Plaintiff re-alleges paragraphs 1 through 45. Defendant's conduct, including the alleged cover-ups of child abuse, the continued exposure of Plaintiff to such a problematic environment, and the escalating retaliatory actions, was extreme and outrageous. This conduct was intended to cause, or recklessly disregarded the probability of causing, severe emotional distress to Plaintiff. As a direct and proximate result of Defendant's extreme and outrageous conduct, Plaintiff has suffered severe emotional distress, requiring ongoing medical and psychological treatment.
3. **Count VIII: Spoliation of Evidence / Obstruction of Justice** Plaintiff re-alleges paragraphs 1 through 49. Defend had a duty to preserve relevant evidence related to Plaintiff's employment, her complaints, and the allegations of misconduct. Defendant intentionally or recklessly altered, manipulated, or caused the disappearance of critical evidence, including email threads and employment documents, with the intent to deprive Plaintiff of its use in current or future legal proceedings. These actions constitute spoliation of evidence and obstruction of justice, thereby warranting adverse inferences against Defendant and/or providing an independent basis for relief.
4. **Count X: Wrongful Constructive Discharge in Violation of North Carolina Public Policy** Plaintiff re-alleges paragraphs 1 through 57. Defendant's actions violated established North Carolina public policy protecting employees who report misconduct impacting vulnerable student populations (e.g., child abuse, neglect, failure to implement IEPs), and who exercise their rights under federal and state anti-discrimination and anti-retaliation laws. Plaintiff was terminated under coercive conditions that no reasonable employee would be expected to tolerate, constituting a wrongful constructive discharge.
5. Wilson v. Dollar Gen. Corp., 717 F.3d 337 (4th Cir. 2013); 29 C.F.R. § 1630.2(o)(3). **Count IV: FMLA Interference and Retaliation.** Plaintiff re-alleges all preceding paragraphs. Plaintiff exercised rights under the Family and Medical Leave Act. Defendant discouraged leave, delayed approval, and retaliated thereafter. Denied Plaintiff FMLA leave.

9

6. Ziccarelli v. Dart, 35 F.4th 1079 (7th Cir. 2022); Daugherty v. Sajar Plastics, p544 F.3d 696 (6th Cir. 2008). **Count V: Pretextual Termination Following Protected Leave.** Plaintiff re-alleges all preceding paragraphs. Defendant demoted or constructively discharged Plaintiff post-leave under pretextual reasoning.
7. Marshall v. Rawlings Co., 854 F.3d 368 (6th Cir. 2017). Count VI: Employer-Caused or Worsened Disability. Plaintiff re-alleges all preceding paragraphs. Defendant's **unsafe working conditions** and failure to accommodate contributed directly to Plaintiff's disability. Barrie v. State of California, Jury Award. **Count VII: Constructive Discharge Due to Intolerable Conditions.** Plaintiff re-alleges all preceding paragraphs. Defendant subjected Plaintiff to hostile, unsustainable conditions.
8. Pennsylvania State Police v. Suders, 542 U.S. 129 (2004). **Count VIII: Wrongful Discharge in Violation of North Carolina Public Policy Plaintiff re-alleges all preceding paragraphs.** Defendant retaliated against Plaintiff for engaging in protected conduct. These actions violated clearly established public policy.
9. Coman v. Thomas Mfg. Co., 381 S.E.2d 445 (N.C. 1989). Count IX: **Spoliation of Evidence/ Obstruction of Justice.** Plaintiff re-alleges all preceding paragraphs. Defendant concealed or failed to preserve critical records and communications.
10. Silvestri v. GM Corp.*, 271 F.3d 583 (4th Cir. 2001). **Count X: Hostile Work Environment. Plaintiff re-alleges all preceding paragraphs.** Defendant's retaliatory actions created an abusive environment.
11. Burlington N. & Santa Fe Ry. Co. v. White. 548 U.S. (2006). **Count XI: Intentional Infliction of Emotional Distress (IIED).** Plaintiff re-alleges all preceding paragraphs. Defendant acted with extreme and outrageous disregard for Plaintiff's health and rights. Plaintiff suffered documented emotional and psychological harm.
12. EEOC v. Horizon, 220 F. Supp. 2d 1062 (D.N.M. 2002); Waddle v. Sparks, 331 N.C. 73 (1992). **Count XII: Failure to Modify Duties as Reasonable Accommodation.** Plaintiff re-alleges all preceding paragraphs. Defendant failed to offer modified duties, forcing Plaintiff into unpaid leave. EEOC v. United Airlines, ADA Settlement.

## VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully requests that the Court:
1. a. Declare that Defendant's conduct violated Title VII, the ADA, applicable Whistleblower Protection Laws, North Carolina public policy, and Plaintiff's constitutional due process rights;
2. b. Award compensatory damages for emotional distress, lost wages, lost benefits, reputational harm, and other pecuniary losses suffered by Plaintiff;
3. c. Award punitive damages against Defendant as permitted by law for its malicious, willful, and reckless conduct;
4. d. Grant injunctive relief to require Defendant to adopt and enforce comprehensive anti-retaliation, anti-discrimination, child protection, and evidence preservation procedures and training;
5. e. Award reasonable attorneys' fees and costs incurred in this action;
6. f. Order any other relief the Court deems just and proper to address the spoliation of evidence; and
7. g. Grant such other relief as the Court deems just and proper.

## Respectfully submitted,

Erica E. Flenner,

*[signature]*

3012 Falstaff Rd Raleigh, NC 27610

984-325-6922

eflenner@yahoo.com