IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-351-BO-BM

ERICA ELIZABETH FLENNER,               )
                                       )
          Plaintiff,                   )
                                       )
    v.                                 )
                                       )          O R D E R
WAKE COUNTY PUBLIC SCHOOL              )
SYSTEM and NORTH CAROLINA              )
DEPARTMENT OF INSTRUCTION,             )
                                       )
          Defendants.                  )

This matter comes before the Court on the memorandum and recommendation (M&R) of

United States Magistrate Judge Brian S. Meyers. [DE 9]. Plaintiff objected to the M&R. [DE 10].

In this posture, the matter is ripe for disposition. For the following reasons, the M&R is adopted

in full.

BACKGROUND

Plaintiff alleges defendant employed her as an instructional assistant at Stough Elementary

School from August 2019 to March 25, 2024. [DE 1, p. 2]. Plaintiff claims to have been retaliated

against for reporting improper behavior by school staff members against certain students. She

alleges having reported "procedural irregularities, including, discriminatory disciplinary practices,

and specific instances of child abuse." *Id.* Following her complaints, in March 2023 she received

an allegedly unwarranted negative performance evaluation and was reassigned to isolated

administrative tasks, "removing her from direct student support roles[.]" *Id.*

Plaintiff also asserts claims based on "discrimination and retaliation related to [plaintiff's]

own disabilities." [DE 1, p. 4]. Plaintiff received diagnoses for PTSD, depression, anxiety, and

suicidal ideation during the course of her employment. She applied for accommodations but was denied them. Plaintiff asserts claims for: (i) failure to accommodate, hostile work environment and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), (ii) hostile work environment and retaliation under the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. ("Title VII"), (iii) interference and retaliation claims under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA"), (iv) violations of the federal whistleblower law, and claims under state law for (v) "Negligence in Supervision/Failure to Protect," (vi) intentional infliction of emotional distress ("IIED"), (vii) "Spoliation of Evidence / Obstruction of Justice," (viii) "Wrongful Constructive Discharge in Violation of North Carolina Public Policy," (ix) "Pretextual Termination Following Protected Leave," and (x) "Constructive Discharge Due to Intolerable Conditions." [DE-1] at 7-10.

The M&R recommended the federal claims under the ADA, Title VII, FMLA, and federal whistleblower law be dismissed as to both defendants, and that the Court decline to exercise supplemental jurisdiction over the state law claims.

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[W]hen reviewing pro se objections to a magistrate's recommendation, district courts must review de novo any articulated grounds to which the litigant appears to take issue." *Elijah v.*

2

*Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). Where no specific objections have been filed, the court reviews for clear error only. *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). On clear error review, the court has no obligation to explain its reasoning for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

The M&R recommended dismissal of the claims asserted against Wake County Public School System (WCPSS) because it is an improper defendant.

> The WCPSS is a school system as defined by North Carolina statute. See NCGS § 115C-74; *cf. also Wilson v. McDaniel*, No. C-89-815-WS, 1991 U.S. Dist. LEXIS 5131, at *3 (M.D.N.C. Jan. 14, 1991). Because a school system is "a subordinate division of the state, or agency exercising statutory governmental functions like a city administrative school unit, [it] may be sued only when and as authorized by statute." *Smith v. Hefner*, 235 N.C. 1, 6, 68 S.E.2d 783, 787 (1952) (citing *Kirby v. Board of Education*, 230 N.C. 619, 55 S.E. 2d 322). "Nowhere do the [North Carolina] general statutes authorize a school system to sue or be sued." *Wilson*, No. C-89-815- WS, 1991 U.S. Dist. LEXIS 5131, at *4; *Smith v. Cabarrus Cnty. Sch.*, No. 1:08CV448, 2009 U.S. Dist. LEXIS 70923, at *8 (M.D.N.C. Aug. 11, 2009) ("Under state law, the school system does not have the capacity to sue or be sued."); *Neil v. Warren Cnty. Sch.*, No. 5:20-CV-595-FL, 2022 U.S. Dist. LEXIS 174236, at *10 (E.D.N.C. Sep. 26, 2022) ("[S]chool systems are not described statutorily as cognizable legal entities.").

[DE 9, p. 10]. The M&R also recommended dismissal of the claims against North Carolina Department of Public Instruction (NCDPI) because the NCDPI is not plaintiff's employer. Title VII claims must be brought against a plaintiff's employer. *Butler v. Drive Auto. Indus. of Am.*, 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant").

> Similarly, ADA claims may only be brought against the claimant's employer or other "covered entities," such as an employment agency, labor organization, or joint labor-management committee. See 42 U.S. Code § 12111; *cf. also: Silvious v. RR Donnelley & Sons*, Civil Action No. 5:10CV00116, 2011 U.S. Dist. LEXIS 13979, at *2 (W.D. Va. Feb. 10, 2011) ("It is well-established that individual employees are not subject to liability under the ADA, and that only employers may be held liable under this statute."). For purposes of the FMLA, a "covered employer" subject to suit "means any person engaged in commerce or in an industry or activity affecting commerce who employs 50 or more employees for each working day

3

during each of 20 or more calendar workweeks in the current or preceding calendar year," including: "(1) [a]ny person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; (2) [a]ny successor in interest of an employer; and (3) [a]ny public agency." 29 CFR § 825.102.

[DE 9, p. 12]. The complaint lacks allegations indicating the NCDPI is a "covered employer" or "covered entity" for purposes of plaintiff's claims. Finally, because claims under the federal Whistleblower Protection Act can be brought only by federal employees against federal agencies, the M&R recommended dismissal of all federal claims in this case and that the Court decline to extend supplemental jurisdiction over plaintiff's state law claims. *Id.* at 14–15.

Plaintiff objected to the M&R. [DE 10]. Most of her objections reveal a misunderstanding of the grounds on which the M&R recommended dismissal. For instance, the M&R did not characterize plaintiff's claims as "delusional," or suggest that there was no causal link between her purported protected activities and adverse employment action, or dismiss the claims as "labels and conclusions." [DE 9]; [DE 10, pp. 1–2]. Rather, the M&R recommended dismissal of plaintiff's federal claims on the basis that they had been asserted against improper defendants.

On that issue, plaintiff objected as follows: "The M&R asserts that Defendants are immune from Plaintiff's claims. Objection: Sovereign immunity is waived for fraud and under ADA Title II for failure to provide access to a safe environment. Plaintiff's evidence demonstrates violations of federal law that preclude immunity." [DE 10, p. 2]. Indeed, the M&R recognized that "[b]ased on [the] relevant exceptions, sovereign immunity would not bar a state employee's claims against his or her employer under Title VII, the FMLA, or the ADA." [DE 9, p. 11]. School systems like WCPSS, however, "are not described statutorily as cognizable legal entities" and do not have the capacity to be sued. *Neil*, No. 2022 U.S. Dist. LEXIS 174236, at *10. And the complaint contains no allegation that the NCDPI is plaintiff's employer or is otherwise liable for the acts plaintiff alleges in her complaint. Plaintiff's objection does not address the defects identified in the M&R.

4

The Court has reviewed the remainder of the M&R for clear error and finds none. Accordingly, the M&R is adopted in full.

CONCLUSION

For the foregoing reasons, the M&R [DE 9] is ADOPTED IN FULL. The complaint [DE 1] is DISMISSED WITHOUT PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(b). Plaintiff's motion for entry of default [DE 11] is DENIED as MOOT. The Clerk is directed to enter judgment and close the case.

SO ORDERED, this 28 day of May 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5